## The Union Bank of Louisiana *v.* David Lattimore.

The act of 13th March, 1818, relative to the election of domicil, with regard to promissory notes, executed in favor of the banks, is repealed by sect. 25 of the act of 25th March, 1828.

Where the stockholder of a bank gives a note to the institution, even for the re-payment of a sum he was entitled to borrow, under its charter, the claim of the bank against him, is similar to that against any other borrower ; and the obligation of the stockholder, results rather from his note, than from any relations as a partner in the bank.   He cannot, consequently, where his domicil is in another parish, be cited before the tribunals of the place where the bank is established, under art. 165, No. 2, of the Code of Practice, relative to suits against partners.

APPEAL from the District Court of the First District, *Bucha-nan*, J.  This was an action against the defendant, a resident of the parish of Concordia, and a stockholder in the Union Bank, for a balance due on a stock note executed by him, payable at the banking house of the plaintiffs in New Orleans.   The defendant excepted to the jurisdiction of the court, on the ground that the petition showed that he was a resident of the parish of Concordia, and contained no allegation of any fact which could give jurisdiction to the court.   This exception was overruled, and a judgment rendered against the defendant, from which he has taken this appeal.

*Denis*, for the plaintiffs, contended :  That the court had jurisdiction, under the act of 13th March, 1818, citing *Jennison* v. *Warmack*, 5 La. 493 ; as well as under art. 165, No. 2, of the Code of Practice, which provides that, in all matters relative to a partnership, the partners must, so long as it continues, be cited to appear before the tribunal of the place where it is established : that the stockholders are partners, and that the suit could not be brought out of the First Judicial District.

*R. N.* and *A. N. Ogden*, for the appellant.   Assuming the act of 13th March, 1818, to be still in force, it is not shown that the defendant ever made an election of domicil, as contemplated by that law.   That act provides that such election shall be made in the form which it prescribes, or in any other, sufficiently expressive of the intention of the party.   This form has not been pursued in the present case ; nor does the note contain any thing ex pressive of an election of domicil, unless it be considered that whenever a place of payment is indicated in a note, that is itself an election of domicil.   But the act of 1818 was repealed by the repealing act of 25th March, 1828.   The case of *Jennison* v. *Warmack* is not inconsistent with this position.   This subject was recently under consideration in the case of *Waters* v. *Petrovic*, &c., 19 La. 584, where it was decided that the act of 1823, by which the drawer of a note was rendered incompetent as a witness, was repealed by the act of 1828.

Art. 165 of the Code of Practice is inapplicable to this case, which is not a matter relative to any partnership, but a suit by a corporation.   Moreover, this article only applies to suits against

the partnership by third persons. It will not be contended that the partnership can sue a debtor, having a different domicil, before the courts of their own, under this article.

MARTIN, J. The defendant, and appellant, assigns, as an error apparent on the face of the record, that the court overruled his exceptions to its jurisdiction on the score of commorancy. The petition shows that his residence is in the parish of Concordia. The counsel for the Bank has urged, that the suit was rightly brought in the District Court of the First Judicial District; the defendant, on the face of the note sued upon, and made payable in New Orleans, having elected his domicil in that city; and, secondly, that this is a suit relating to a partnership between the parties. It is true, that by the act of 1818 made in favor of the banks, drawers of notes, made payable in the city of New Orleans, by persons who have no domicil therein, elected a domicil in that city, and were suable on such notes, in the courts sitting there. Greiner's Digest, No. 187, *et seq.* But this act was, in our opinion, repealed by the 25th section of an act of Assembly, approved March 25th, 1828, p. 160, which provides, that all the rules of proceeding, which existed in this state before the promulgation of the Code of Practice, with a few exceptions, none of which touch the act of 1818, are abrogated. This latter act, certainly established a rule of proceeding, and must, consequently, have been repealed. The counsel for the plaintiffs has urged, that the Code of Practice, art. 165, No. 2, has made an exception to the rule, that every defendant must be sued before the court of his domicil, in matters relative to a partnership. We are of opinion, that when the stockholder of a bank gives a note to the bank, even for the re-payment of a sum which he was entitled to borrow, under the charter of the bank, the claim of the institution on him, is of the same nature as that it may have against any other borrower; and that the obligation of the stockholder results, rather from his note, than from any matters relative to the partnership.

The District Court, in our opinion, erred in overruling the defendant's exceptions.

It is therefore ordered, that the judgment be annulled, the de-

fendant's exceptions sustained, and the petition dismissed, with costs in both courts.