## No. 13,070.

JOSEPH MOLL VS. ANTHONY SBISA, IN RE. JOSEPH MOLL APPLYING FOR CERTIORARI OR WRIT OF REVIEW TO THE COURT OF APPEAL FOR THE PARISH OF ORLEANS.

### SYLLABUS.

The salary of the clerk of the Sixth Recorder's Court is exempt from seizure.

*Conrad G. Collins* for Relator.

Respondent Judges *pro se.*

Submitted on brief January 30, 1899.
Opinion handed down February 6, 1899.

The opinion of the court was delivered by

WATKINS, J. The question presented for our consideration is an interesting one, and, in our opinion, is best stated in the opinion of our learned brothers of the respondent's court, and which is herewith reproduced in its entirety, and as follows, viz.:

"The question presented is, whether the plaintiff in injunction, Anthony Sbisa, holds an office within the meaning of Article 1992, R. C. C., and Article 647, C. P., providing, that money due for the salary of an office shall be exempt from seizure.

"He is a clerk of the Sixth Recorder's Court, at a salary of $1,500.00 a year; he was appointed by the recorder, has taken an oath of office, and has been discharging his duties since May 1st, 1896.

"The Sixth Recorder's Court was created by Act 154 of 1894, amendatory of the City Charter of 1882, (Act No. 20) and, among its provisions is one, that the recorder shall be allowed to appoint a clerk at a salary of $1,500.00 a year.

"Section 49 of the charter provides, that the recorders and their clerks shall have power to administer oaths.

"Although absolute uniformity of view is not found in the adjudged cases on the point at issue, yet they practically unite on the following fundamental principles.

1st. "That a public office is a public charge or employment imposed or conferred by appointment or authority of government for public purposes.

2nd. "That an office is an employment, but every employment is not necessarily an office.

3rd. "That there are two classes of public servants; officers, or those whose functions appertain to the administration of government; and employees, or those whose employment is merely contracted.

"The Supreme Court of the United States, in a case directly in point, in which it was urged (as it now is), that a person was not an officer, but a clerk, because no specific duties were imposed upon him, he gave no bond to the government, and was merely a subordinate and assistant, who performed such services as his superior directed, said:

"He was a public officer. The General Appropriation Act of July 23rd, 1896, authorized the assistant treasurer at Boston, with the approbation of the Secretary of the Treasury, to appoint a specified number of clerks, who were to receive, respectively, the salaries thereby prescribed.

"An office is a public station, or employment, conferred by the appointment of government. The terms embrace the ideas of tenure, duration, emolument and duties. The employment of the defendant was in the public service of the United States. He was appointed pursuant to law, and his compensation was fixed by law.

"Vacating the office of his superior, would not have affected the tenure of his place.

"His duties were continuing and permanent, not occasional or temporary. They were to be such as his superior in office should pre-

scribe. A government office is different from a government contract. The latter, from its nature, is necessarily limited in its duration and specific in its objects.          .

"The terms agreed upon define the rights and obligations of both parties, and neither may depart from them without the assent of the other."

6 Wall. 333.  See also 110 U. S. 484.

"In another case, where it was shown that a civil surgeon appointed by the Commissioner of Pensions, acted only when called on in special cases, gave no bond, took no oath and did not derive his compensation from a regular appropriation, the Supreme Court of the United States thus emphasized the distinction indicated in United States vs. Hartwell:

"If we look to the nature of defendant's employment, we think it equally clear that he is not an officer.  In that case the court said, the term embraces the ideas of tenure, duration, emolument, and duties, and that the latter were continuing and permanent, not occasional or temporary.

"In the case before us, the duties are not continuing and permanent, and they are occasional and intermittent."

"United States vs. Germaine, 99 U. S. 512.

"The Supreme Court of this State, in declaring the salary of a city assessor exempt from execution, said:

"The text speaks of salaries of office.  The term office, under our article, has reference to functions conferred by public authority, and for a public purpose.

"Chaudot vs. DeJong, 16 An. 400.

"In Hero vs. Castell, 22 An. 15, it was held that the office of City Notary of New Orleans, not being created or recognized by the charter, is not a municipal office.

"This negative is pregnant with the affirmative, that an office created or recognized by the charter, is a municipal office.

"It has also been held, that a stenographer appointed under legislative authority by a judge of the Civil District Court, is an officer of the Court, (State ex rel Legendre vs. Clerk, 47 An. 361), and that the veterinary surgeon elected by the Fire Commissioners of New Orleans, is unquestionably an officer of the department.  (Wheeler vs. Fire Commissioners, 46th Ann. 734).

"By way of cumulative illustration, we may add that in other juris-

dictions, clerks of court, criers, and deputies have been adjudged officers when their appointment was authorized and their compensation was fixed by law.

"We have examined the two cases mainly relied on by the attorney for the judgment creditor, but we fail to find in them any support for his position. In Vance vs. Lafforanderie, 4 Rob. 342, the party claiming the exemption was an auditor of accounts appointed by the judge to settle the accounts of a succession, and whose services as an officer of the court did not extend beyond that particular case.

"In 42 N. Y. (L. C.) 289, the party exercised no functions depending directly upon authority of law, but served merely upon the request of a public board.

"We, therefore, conclude, that the clerk of the Sixth Recorder's Court is an officer, within the meaning of the statutes, because the city charter creates his office, furnishes salary, confers upon him the power to administer oaths, and because he exercises functions appertaining to the administration of justice in a municipal police court.

"Judgment reversed, and it is now ordered that the injunction be made perpetual with costs of both courts."

The article of the Code of Practice provides, that the sheriff "may seize the rights and credits which belong to (the debtor) and all sums of money which may be due him, *unless it be for alimony or salaries of office.*" Art. 647.

The language of the Revised Civil Code is, "there are also rights which are merely personal, that cannot be made liable to the payment of debts:" and amongst them are included "money due for the salary of an office, or wages or recompense for personal services." Article 1992.

These two articles were construed in Conroy vs. Copland, 4th Ann. 307, to apply to *public offices,* and not to the liquidator of a bank; and the only point decided in Vance vs. Lafforanderie, 4th Rob. 340, was, that the language of the Code of Practice controlled that of the Civil Code.

Being thus restricted to *"salaries of office,"* an allowance due an auditor of accounts for a succession was held subject to seizure.

But in Case vs. Taylor, 23rd Ann. 497, the court gave effect to the above quoted provisions of the Civil Code and held, that "the right of the defendant, arising from his contract with the State was a recompense for the personal services he has bound himself to per-

form for the state during the period of the contract; and, this being a personal right is not liable to seizure by virtue of Article 1992 of the Revised Code."

This is a different view from that expressed in the Vance case and proceeds upon the principle, doubtless, that the two codes having been revised contemporaneously in 1870, effect must be given to the provisions of both.

And, in our opinion, that decision is correct.

In State vs. Newton, 28th Ann. 65, a juror claimed to be exempt from the performance of duty as such, on the ground that he was assistant clerk of the Second Municipal Police Court in the city of New Orleans. "Thereupon the Attorney General stated, that he was an incompetent juror, and in this he was sustained by the court for the reason that the juror was exempt by law."

On this contention, this court expressed the following view, viz.:

"Act 94 of the Legislature of 1873, exempts among others, 'the judges and officers of the several courts of this State.' The juror was an officer of court within the understanding of the act, and was correctly discharged by the court on his claiming the exemption."

In City of New Orleans vs. Lea, 14th Ann. 194, the question was as to the right of the city to tax the salary of a justice of this court and the court expressed this view, viz.:

"If the right to tax the salary of a judge be conceded, there would be no limitation but the discretion of the legislature, to do it to such an extent is virtually to abolish the means of conducting the judicial department."

And the court further says:

"The object, however, of this article was to secure the independence of the judiciary. If the legislature can tax the salaries, it would be deprived of its plenary effect."

Much the same may be appropriately said of the right of a creditor to seize the salary of a clerk of a recorder's court; for, if it may be done, that particular arm of the city government would become completely paralyzed.

We do not feel disposed to give to the language of the articles of the codes a restrictive signification; but, on the contrary, we think their framers intended that they should receive a liberal interpretation.

Consequently, we are of opinion, that whether the salary of the defendant, as clerk of the Sixth Recorder's Court be considered as

"money due for the salary of an office," or as the "wages or recompense for personal services," same are equally exempt from seizure.

It is therefore ordered and decreed, that the demand of the relator be refused, and that the opinion and decree of the respondents be maintained and enforced; and, it is further ordered that the relator be taxed with costs.