(38 South. 870.)

No. 15,647.

114 1097
f123 740

STATE ex rel. SMITH et al. v. THEUS, Dist. Atty.*

(June 19, 1905.)

MANDAMUS TO DISTRICT ATTORNEY—PUBLIC OFFICE—UNLAWFUL HOLDING.

The action which appellants seek to have brought by the district attorney is not one under articles 212 and 222 of the Constitution of 1898, but under section 2593 of the Revised Statutes to have a certain named person decreed to be illegally intruding into or unlawfully holding and exercising the office of parish superintendent of public education in the parish of Bienville. The parish superintendent of public education is a public officer. It was the duty of the district attorney to have instituted the action when requested. Failing so to do, mandamus was properly resorted to to enforce the duty. Farrar v. Steele, 31 La. Ann. 643.

(Syllabus by the Court.)

Appeal from Third Judicial District Court, Parish of Bienville; James Edward Moore, Judge.

Petition by the state, on the relation of R. A. Smith and J. L. Baker, for writ of mandamus to J. C. Theus, district attorney. Judgment for defendant, and relators appeal. Reversed.

Barksdale & Barksdale, for appellants. Benjamin Pearce Edwards, for appellee.

Statement of the Case.

NICHOLLS, J. In a petition addressed to the judge of the Third Judicial District Court for the parish of Bienville by the relators, it was averred that they were citizens and taxpayers in said parish, and residents therein for many years; that in August, 1904, the parish board of school directors (or of public education) for the parish of Bienville met, and at said meeting proceeded to elect a parish superintendent of public education for the parish of Bienville, and at said election petitioner Robert A. Smith received two votes, and J. Rush Wimberly received seven votes,

*Rehearing denied June 28, 1905.

and thereupon the said parish board declared J. Rush Wimberly elected, and he had since that time been exercising the functions of said office, and these petitioners respectfully represent that he was holding said office unlawfully and illegally. Petitioners further showed that they, with 61 other citizens and taxpayers of the parish of Bienville, signed a petition to John C. Theus, district attorney of the Third Judicial District, petitioning him to file a suit to remove the said J. Rush Wimberly, or to have him declared as holding said office illegally and unlawfully, for the following causes, to wit:

First. That Mr. Wimberly was not a practical educator, which qualification was required by the laws of the state to be possessed by persons elected parish superintendents of public education.

Second. On the ground that J. Rush Wimberly could not hold more than one office of trust or profit at the same time, and that, being a member of the House of Representatives, he was incompetent to hold the office of superintendent of public education of Bienville parish at the same time.

Third. That in 1904, by an act of the Legislature, the salary of a parish superintendent of public education was increased as follows: By an act of 1902 the lower limit of the salary was $200, and the upper limit was $1,200, but in 1904, it was enacted that the salary should not be less than $600, and there was no upper limit placed upon the salary; and J. Rush Wimberly being a member of the Legislature when this act was passed—having been elected for the term of said office beginning in 1904 and ending in 1908—all votes cast for him were nullities, and he could not be elected to the office of parish superintendent of public education by reason of the prohibitory article No. 27 of the Constitution of 1898, which reads as follows, to wit:

"No Senator or Representative shall during the term for which he was elected, nor for one

year thereafter, be appointed or elected to any civil office of profit under this state, which may have been created or the emoluments of which may have been increased by the General Assembly during the time such Senator or Representative was a member thereof."

Petitioners further showed that this petition, after being signed by 63 citizens, including petitioners and taxpayers of Bienville parish, was presented to J. C. Theus, district attorney, and he refused and still refuses to bring a suit to remove the said J. Rush Wimberly from said office, or to have him declared to be holding the same unlawfully, and have him ordered to vacate the said office.

This demand by petition having been presented to John C. Theus without avail, "petitioners now appear before your court as authorized by law, and respectfully pray that a writ of mandamus issue in the name of the state to the said J. C. Theus, district attorney as aforesaid, ordering and requiring him to institute said suit at once, or to show cause why he should not do so; that a time for answering said mandamus and this petition be fixed by your honor, and, on hearing had, that the said mandamus be made peremptory in case the said John C. Theus fails to show cause fully why he should not bring said action." They pray for all costs, for all necessary orders and decrees, and for general relief.

This application was sworn to by R. A. Smith, one of the petitioners. A mandamus was ordered by the court to issue, answerable on a day designated.

The district attorney, after excepting to the jurisdiction of the court to determine the issues raised, answered under reservation of the same. He admitted that the school board of public education for Bienville parish did in August, 1904, meet, and at said meeting did elect or appoint a parish superintendent of public education for said parish, and that at said election R. A. Smith, one of the relators, received two votes, and J. Rush Wim-

berly received seven, and that said board thereupon declared said Wimberly elected or appointed, and that he was now holding said place. Respondent further said he admitted that the petition, as alleged in this complaint, was presented to him, and that he refused to bring suit against Mr. J. Rush Wimberly for reasons which then and now seemed to him good and sufficient in law. Respondent further said that the school board of public education of Bienville Parish was the only authority which could determine the qualifications and competency of the person whom it elects or appoints superintendent of public education, and, further, this was not one of the grounds laid down by the Constitution of the state of Louisiana, authorizing or requiring the district attorney to institute proceedings or impeachment or removal from office, and hence mandamus proceedings did not lie to compel the district attorney to file impeachment proceedings.

Second. The grounds alleged in the second complaint was not one of the causes enumerated in articles 217 and 222 of the Constitution of the state for impeachment, and the district attorney was without authority of law to bring impeachment proceedings for said cause, and mandamus would not lie to compel him to do so.

Third. That the causes enumerated in this complaint were not enumerated in the Constitution of the state as authorizing the district attorney to institute impeachment proceedings. Respondent further said that the parish superintendent of public education and ex officio secretary of the parish school board was not an officer, within the purview and meaning of the Constitution of the state of Louisiana, and mandamus would not lie to compel him (respondent) to bring impeachment proceedings.

In view of the premises, he prayed that the demands of complainants be rejected and dismissed, with costs.

The district court rendered judgment rejecting the demands of relators, and dismissing the same, with costs, and they appealed.

### Opinion.

The refusal of the district attorney to bring the action which it is sought to compel him to bring was based upon the proposition that it was based upon articles 212 and 222 of the Constitution of 1898, and was not one which fell under the provisions of those articles. The district court entertained, evidently, the same view of the proposed suit, and refused to compel the district attorney to bring it. We are of opinion that the District Attorney and the District Judge erred in reaching that conclusion. The action is not one sought to be brought under the provisions of those articles of the Constitution. In the class of actions therein provided for, the right of the officers against whom action is to be directed is not contested, but is conceded, and the object of the proceeding is, though legally holding office, to "remove" them from the same "for high crimes and misdemeanors, for nonfeasance or malfeasance in office, for incompetency or oppression in office, or for gross misconduct or habitual drunkenness." Nothing of that kind is charged against the parish superintendent of public education in Bienville parish. What is charged is that "he has usurped, intruded into, and is unlawfully holding and exercising the position of parish superintendent of public schools within the state." That is a charge made under section 2593 of the Revised Statutes.

We do not understand it to be denied that the parties seeking to have the suit brought are parties interested in the subject-matter. We think that they were legally entitled to have the suit brought. It was the duty of the district attorney to have complied with their request to that effect. The position argued before this court has shifted from the particular issue raised by the district court.

It is now urged that the position of parish superintendent of public education is not an office, but we are of the opinion that it is.

Article 250 of the Constitution of 1898 declares that the General Assembly shall provide for the creation of a state board and parish boards of public education. The parish board shall elect a parish superintendent of public education for their respective parishes, whose qualifications shall be fixed by the Legislature, and who shall be ex officio secretary of the parish board.

The salary of the parish superintendent shall be provided for by the General Assembly to be paid for out of the public school funds accruing to the respective parishes.

Acts No. 214, p. 406, of 1902, and No. 167 of 1904, of the General Assembly, both deal with the position of parish superintendent. The title of the first of these acts is:

"An act in relation to free public schools and to regulate the public education in the state of Louisiana, to provide a revenue for the same and impose certain penalties, and to apply fines imposed by district courts and amounts collected on bonds to the purpose of public education."

The act has a subheading, "Parish Superintendent," specially referring to and covering the position, and defining the duties thereof. Among them is one directing that he shall exert his best endeavors to promote the cause of public school education.

The fifth section (page 408) of the act provides "for the term of office, not only of parish school boards, but also of parish superintendents." It declares:

"The term of office of the members of the parish school boards and of parish superintendents shall be for four years from the time of their appointment. If a vacancy occurs the unexpired term shall be filled as hereinbefore provided. These officers shall take the usual oath of office, which oath shall be filed in the office of the State Superintendent of Public Education."

The thirty-fifth section (page 416) of the act declares that the salary of the superintendent shall be fixed by the parish school

board, provided that in no case shall it be less than $200 nor more than $1,200.

Counsel of appellants maintain in their brief that:

"The educational system of a state is one of the most vital instruments of its sovereignty. None of its boards can pass ordinances, but they possess functions entirely governmental. Andrews, American Law, 506. Public schools are not regarded as of local interest only, but of general concern, and under state control, although their administration is largely committed to local officers. A civil office of profit includes that of school superintendent of a county. 23 A. & E. Ency. of Law, 334, citing Crawford v. Dunbar, 52 Cal. 36. Jury commissioners have time and again been held to be 'officers,' under our law, and their ineligibility to other offices has been affirmed in various cases, up to 110 La."

Our contention is not only that the parish superintendent is an officer, but that he is an officer of the greatest importance to the educational interests of this state. In the most general and comprehensive sense, a public office is an agency for the state, and a person whose duty it is to perform this agency is a public officer. Stated more definitely, a public office is a charge or trust conferred by public authority for a public purpose, the duties of which involve, in their performance, the exercise of some portion of sovereign power, whether great or small. A public officer is an individual who has been elected or appointed in the manner prescribed by law, who has a designation or title given to him by law, and who exercises the functions concerning the office assigned to him by law. 23 Am. & Eng. Ency. of Law, 322 et seq. In Moll v. Sbisa, 51 La. Ann. 290, 25 South. 141, the question of the exemption of an officer from seizure was at issue, and it was necessary to decide whether the debtor claiming the benefit of the exemption was a public officer, or not. In deciding this question, the Supreme Court quoted from a decision of the Supreme Court of the United States as follows:

"An office is a public station or employment conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument, and duties. U. S. v. Hartwell, 6 Wall. 393, 18 L. Ed. 830. The employment of the defendant was in the public service of the United States. He was appointed pursuant to law, and his compensation was fixed by law. Vacating the office of his superior would not have affected the tenure of his place. His duties were continuing and permanent, not occasional and temporary."

An office should be created by the Constitution or by an act of the Legislature, where the duty of employment is a continuing one, defined by rules prescribed by law, and not by contract. A. & E. Ency. of Law, vol. 23, p. 324.

We find in this position every element which the courts have decided it takes to make a public office. It is a public station or employment provided for by the Constitution of the state. The manner by which the person who is to fill this station is to be chosen is fully designated and declared both by the Constitution and by statute, and the title of the officer is given in the same way. The tenure of office, its duration, and the duties of the officer are all specifically prescribed, and there can be no question that a parish superintendent of public education is a public officer—a state officer whose duties are limited within the bounds of the parish for which he is elected.

We do not think there is any doubt as to the superintendent's being a public officer. Whether the present occupant is, as a fact, holding the position unlawfully, is not an issue before us. What we are asked to decide is whether citizens and taxpayers, who united in their demand upon the district attorney to have that question tested through a suit instituted by him, have the legal right to make such a demand, and whether the district attorney was justified in refusing to comply with their request. We think they had such right, and that the district attorney should have complied with it. The remedy of mandamus, to which they were forced to have recourse to enforce the duty imposed by law upon the district at-

torney, was a proper one. Farrar v. Steele, 31 La. Ann. 643.

For the reasons here assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that a mandamus issue in the name of the state to J. C. Theus, district attorney for the Third Judicial District, for the parish of Bienville, commanding him to bring an action as requested of him by the relators, in the Third Judicial District court for the parish of Bienville, against J. Rush Wimberly, of that parish, charging him with having illegally usurped and intruded into, or unlawfully holding and exercising, the office of parish superintendent of public education for the parish of Bienville, and praying for the remedy for such cases made and provided by law.