Statement of the Case.
MONROE, J.
This is a proceeding brought by the district attorney on behalf of the parish board of school directors of the parish of Catahoula and of J. W. Carter, claiming to be the superintendent of public education and ex officio secretary of said board and treasurer of the school funds of said parish, the purpose of which is to have it decreed that the defendant, Dr. Jno. C. Hardin, is unlawfully in possession* of said office of superintendent, and that the relator, Carter, is entitled to be installed therein.
The admitted facts are: That a parish board of school directors for the parish of Catahoula was organized on August 10, 1904; that it then elected a superintendent for the term of four years, fixed by law, and that on August 11, 190S, the same board (holding over, as provided by Act No. 60, p. 92, of 1906) elected the present defendant to the office of superintendent for the term of four years, as provided by law; that, agreeably.to the requirements of the act of 1906, a new parish board for said parish was elected “at the same time as the congressional election in 1908,” to wit, on November 3, 1908; that the board so elected was thereafter duly organized, and on January 19, 1909, elected the relator, J. W. Carter, superintendent, for a term of four years; and that Carter thereupon demanded possession of the office, and Hardin (defendant herein) declined to give him possession, on the ground that he (Hardin) had been elected for four years from August 11, 1908, and is entitled to hold the office until August 11, 1912.
Opinion.
Article 250 of the Constitution requires the General Assembly to provide for the creation of a state board and parish boards of public education, and requires the parish boards to elect parish superintendents for their respective parishes, who shall be ex officio secretaries of the parish boards. The article also requires that the salaries of the superintendents shall be provided for by the General Assembly, to be paid out of the parish school funds.
Act No. 81, p. 92, of 1888, declares that (section 6) the parish school boards “are constituted bodies corporate, with power to sue and be sued,” etc.; that (section 3) the state board shall appoint the members of the parish boards; that (section 7) “the parish board shall * * * elect or appoint a parish superintendent, who shall be, ex officio, secretary of the board”; that (section 5) “the term of office of the members of the parish school boards and of the parish superintendents shall be four years from the time of their appointment”; that (section 25) the salary of the superintendent and ex officio secretary shall not be more than $200 per annum. These provisions were re-enacted in 1902, save that the Legislature of that year provided that the salary of the superintendent and ex officio secretary should not be less thaD $200 nor more than $1,200 (Act No. 214, p. 406, of 1902). Act No. 167, p. 343, of 1904, reads:
*739 “That the parish board of directora * * * shall elect, or appoint, for a term of four years, a parish superintendent, who shall be, ex officio, secretary of the board.”
And it further provides that the salary of the superintendent shall be fixed by the board, and shall in no case be less than $600 per annum.
Act No. 60, p. 92, of 1906, provides that the members of the parish boards shall be elected by the qualified electors of the different wards in the respective parishes, and that the—
“boards, as now constituted, shall hold their office until their successors shall have been elected, at an election to be held at the same time as the congressional election, in November, 1908.”
Act No. 49, p. 49, of 1908, provides that:
“Each [parish] board shall elect, or appoint, for a term of four years, a parish superintendent, who shall be, ex officio, secretary of the board.”
And Act No. 232, p. 348, of 1908, provides that the superintendent “shall be constituted the treasurer” of the parish school funds, and shall give bond in that capáeity.
Counsel for relators says, in his brief:
“Section 8 of Act No. 214, p. 408, of 1902, provides: ‘Each parish board of school directors shall elect, from their number, a president. They shall elect, or appoint, for a term of four years, a parish superintendent, who shall be, ex officio, secretary of the board.’ Act No. 49, p. 49, of 1908, amending this, says: ‘Each board shall elect, for a term of four years, a parish superintendent, who shall be, ex officio, secretary of the board.’ ”
And he argues, from the change in the phraseology, that the lawmaker intended to leave no doubt that the newly .elected members of the parish boards should have the right to elect the superintendent and ex officio secretary who should serve with them, or, as the counsel puts it (after stating that the question has been made the subject of an opinion by the Attorney General and has been agitated throughout the state):
“We are impressed with the .fact that the lawmaker'intended to leave no doubt as to the right of each board to elect a superintendent, and that each board has the same right to elect a superintendent, for its term of office, and who shall be its secretary, as it has to elect a president of the board.”
The counsel has fallen into a slight error in transcribing the excerpt from the act of 1902, and has omitted certain language in the act of 1908 which leaves no doubt as to the meaning of the passage quoted. The act of 1902 (section 8) reads:
“That the parish board of directors shall elect, from among their members, a president. They shall elect, or appoint, for a term of four years, a parish superintendent, who shall be, ex officio, secretary of the board.”
It will be observed that the word “each” is not here used; but, as section 3 of the act provides “that the state board * * * shall appoint, for each parish, * * * a board of school directors,” there can be no doubt that section 8 applies to each of the parish boards so provided for.
The section in question (section 8 of Act No. 214, p. 408, of 1902), as amended and re-enacted in Act No. 49, p. 49, of 1908 (section 1) reads:
“That the board of school directors in each parish shall elect, or appoint, for a term of four years, a parish superintendent, who shall be, ex officio, secretary of the board.” ' ■
The language of the act of 1908, therefore, somewhat more exactly expresses the idea that the board in each parish is to elect a superintendent for a term of four years, and it can have no application to the individuals composing such boards at any particular time, since the boards are corporations, and a corporation is a body which “continues always the same notwithstanding the change of the individuals who compose it.” Rev. Civ. Code, art. 427. Parish superintendents are not only public officers (State v. Theus, 114 La. 1097, 38 South. 870), but they are as much the creatures of the Constitution and the law as are the parish boards, and whatever the boards may do with respect to the superintendents they do by authority of *741 the law, and not otherwise. They are required to appoint the superintendents for terms of four years, and they may remove them for cause; but they have no authority to appoint a superintendent for a shorter or .a longer term than four years, or to remove a superintendent, once appointed, without cause. When, therefore, in August, 1908, the term for which the superintendent of the parish of Gatahoula had been appointed expired, the parish board was not only authorized, but was required, to appoint his successor for a term of four years, and, so long as the board was legally constituted, it made no difference whether it was composed of members who, under the law, were holding over, or who, under the law, had recently been elected.
The president of the board must be elected from among the members, and the expiration of his term as president is necessarily synchronous with the expiration of his term as a member. The office of superintendent is, however, an independent one, and the incumbent would continue to hold it for the term for which he was appointed, and would continue under the obligation to discharge the duties imposed on him by law, if all the members of the board should resign or be removed. Whether it would be more agreeable or convenient, or would better subserve the interests of the public, that the matter should be so arranged that the members of the board should at all times be able to control the appointment of the superintendent ■of education of the parish, in order to control, or as incidental to the control of, the appointment of the secretary of the board .and of the treasurer of the school funds of the parish, is a matter for the consideration of the General Assembly. We can only say that the existing laws do not so arrange it, .and, dealing with the issues which we find categorically stated in the transcript, our conclusions are:
(1) That the outgoing and holding over parish school board of 1904 had the legal right, on August 11, 1908, to elect a parish superintendent for a term of four years from that date, and that its action in so doing is binding on the parish board as now constituted.
(2) That the parish board as now constituted had no legal right, on January 19, 1909, to elect a parish superintendent, since the office was already filled.
(3) That the legal superintendent of public education for the parish of Catahoula is John 0. Hardin, the defendant herein.
This seems to have been the view taken by our learned brother of the district court, and the judgment rendered by him is accordingly affirmed.