### No. 3070

### Second Circuit

----

## STATE EX REL. THOMAS, ET AL. v. FULLER, DISTRICT ATTORNEY

----

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)
(May 6, 1928. Judgment of Court of Appeal Affirmed by Supreme Court on Writs of Certiorari and Review.)

----

(*Syllabus by the Editor*)

1. **Louisiana Digest—**

Under Sections 2593 and 2594 of the Revised Statutes a number of citizens have the right to mandamus a District Attorney to bring suit in the name of the State to determine judicially the question as to whether the police jury is legally constituted.

Appeal from the Eighth Judicial District Court, Parish of LaSalle. Hon. R. C. Culpepper, Special Judge.

Action by State of Louisiana, on the relation of Simcon B. Thomas, A. Jack Taylor, and Clarence C. Paul against Harry Fuller, as District Attorney for the Eighth Judicial District of Louisiana.

There was judgment for relators and respondent appealed.

Judgment affirmed.

Hawthorn & Stafford, of Alexandria, and C. W. Flowers and S. R. Holstein, of Jena, attorneys for relators, appellees.

Harry Fuller, District Attorney for the Eighth Judicial District of Louisiana, respondent, appellant, per se.

ODOM, J. Act No. 279 of 1908, section 1, provides that in each parish of the state (the parish of Orleans excepted)

"* * * having a population of less than fifty thousand inhabitants there shall be elected in the manner provided by law, in addition to the police juror to which said ward is entitled, an additional police juror for each five thousand inhabitants which said ward contains."

The parish of LaSalle, according to the last official census, contains less than fifty thousand inhabitants. Therefore, if any ward of that parish contains more than five thousand inhabitants, such ward, under the above act, is entitled to an additional police juror.

In order to ascertain whether ward three of that parish contained more than five thousand inhabitants and was, for that reason, entitled to an additional police juror, the Police Jury, on November 9, 1926, passed an ordinance ordering and directing that a census of that ward be taken.

The census was taken. The results showed that there were more than five

thousand inhabitants in the ward. A certificate to that effect was forwarded to the Governor and he forthwith proceeded to appoint an additional police juror as well as an additional member of the School Board for that ward: Commissions were issued to them and they qualified and are now holding said offices.

After these officers had been appointed and qualified, some thirty-five persons of ward three and a great number from other wards of the parish, all alleging that they were citizens of the parish, petitioned the Honorable Harry Fuller, District Attorney, to bring suit in the name of the State, under Section 2593 of the Revised Statutes, to have these officers ousted, on the ground that they had intruded into and were unlawfully holding and exercising a public office, to-wit: that of police juror and member of the School Board.

They set up in their petition, as their grounds of complaint, substantially that according to the last official census ward three of LaSalle parish contained less than five thousand inhabitants and was therefore not entitled to an additional police juror and member of the School Board, that the Police Jury, in ordering and taking a census of the ward, had proceeded without warrant and without authority in law, that it had no right or lawful authority to certify the results of such illegal census to the Governor, and that he had no right under the law to create the office of an additional police juror and member of the School Board for that ward and had no right to make the appointment; and, further, that if the Police Jury had such right under the law, the census taken was erroneous and that, as a matter of fact, the ward contained less than five thousand inhabitants, as would be shown by a correct census.

For all of which reasons they alleged that the appointments made by the Governor and the commissions held by said officers are null and void and that said parties are unlawfully holding and exercising said offices.

The District Attorney refused to bring the suit.

Whereupon these petitioners brought this suit against the District Attorney, asking that mandamus issue ordering and directing him to bring the suit, setting out as a cause of action the grounds set forth above.

He filed in limine an exception of no right and no cause of action.

Reserving his rights under said exception, he answered setting up substantially that the Police Jury was warranted under the law in taking the census of ward three of LaSalle parish and certifying the same to the Governor, that the Governor had a right to make the appointments, and that said parties were lawfully holding and exercising said offices.

His exception of no cause and no right of action is grounded, as we understand, upon the proposition that he is vested under the law with discretionary powers as to what suits he shall bring in the name of the State and when to bring them and that mandamus will not lie to force him to act in cases of this kind; and, further, that in as much as the petitioners are not themselves claiming these offices, they have no right to proceed against those now holding them under appointment and commission by the Governor, and no right to force him to proceed against them in the name of the State.

The lower court overruled the exception of no cause of action, and upon trial or-

dered the District Attorney to proceed as required.

The District Attorney has appealed.

OPINION

The questions whether the Police Jury of LaSalle parish was authorized under the law in ordering and taking the census of ward three of that parish in order to determine whether that ward was entitled to an additional police juror and member of the School Board, and whether the Governor was warranted in making the appointments, are not before the court in this suit. The only question presented is whether the District Attorney should bring suit to have these questions judicially determined.

In so far as the question at issue is concerned, we see no distinction between this case and that of State ex rel. Smith vs. Theus, District Attorney, 114 La. 1097, 38 So. 870.

In that case the charge leveled at the Parish Superintendent of Public Education was that he—

"* * * has usurped, intruded into, and is unlawfully holding and exercising the position of parish superintendent of public schools within the state."

In the case at bar, the petitioners allege, in substance, that J. E. Turnley and S. A. Doughty are guilty of usurping, entering into and unlawfully holding and exercising the offices of police juror and member of the School Board respectively, and that they desire that suit be brought by the District Attorney to test their right to hold and exercise said offices.

They set up as a ground of the complaint that these parties are holding and exercising offices which do not in fact and in law exist; that the Police Jury of LaSalle parish and the Governor of the State have without warrant in law created the offices which these parties hold; and, in substance, that as a result of the illegal and unwarranted acts of the Police Jury and the Governor, both the Police Jury and the School Board are illegally constituted, because each has one more member than the law allows.

The petitioners have raised and presented a vital question, one which is of general public interest, and one which should be judicially determined. The only way to have the question settled is to have it presented to the court, and the only way to have it presented is for the District Attorney to bring the suit in the name of the State.

In this case as in that of State ex rel. Smith vs. Theus, District Attorney, supra, we think the petitioners were entitled to have the suit brought. It was the duty of the District Attorney to comply with their request and bring the suit.

They are seeking to have him act, not under sections 1 and 6 of Article IX of the Constitution, but under sections 2593 and 2594 of the Revised Statutes, the "intrusion into office" law.

The District Attorney makes the point that the petitioners did not allege that they are taxpayers, as they did in the Theus case, supra. We think that makes no difference. They did allege that they are citizens of the parish. As citizens they are interested in the proper administration of the parochial affairs of the parish and in the public schools.

Under section 6 of Article IX of the Constitution it is made the duty of the District Attorney or Attorney General, as the case may be, to bring a suit to impeach certain officers "on the written request, specifying the charges, of twenty-five citizens and taxpayers."

But, as stated, the request made by the citizens in this case is not to "impeach" the officers named, but to have it declared that they are unlawfully holding and exercising the offices. The law which authorizes such suits does not specify that the petitioners shall be taxpayers.

The District Attorney also contends, in support of his exception of no cause of action, that inasmuch as the petitioners are not claiming these offices for themselves they have no interest in the subject matter and therefore no right to compel him to bring the suit.

If they had attempted to come into court as individuals contesting the right of Turnley and Doughty to hold and exercise these offices, the point might be well taken under the authority of Ford vs. Miltenberger, 33 La. Ann. 263; Osgood vs. Black, 33 La. Ann. 493; Guillotte vs. Poincy, 41 La. Ann. 333, 6 So. 507; State ex rel. Saizan vs. Judge, 48 La. Ann. 1501, 21 So. 94.

But they are not suing as individuals, but are asking that the suit be brought by the State through the District Attorney.

This case falls under the ruling in the cases of State vs. Grandjean, 51 La. Ann. 1099, 25 So. 940, and State ex rel. Smith vs. Theus, District Attorney, 114 La. 1097, 38 So. 870. In these cases no other person was claiming the offices; but the court held that the suits were properly brought in the name of the State.

Police Juries and School Boards control parochial affairs. Citizens have an interest in seeing that these boards are properly constituted. Having such interest, they have the right to have judicially determined the question whether such boards are legally constituted.

If the District Attorney's position be well taken, they have a right without a remedy.

But the law provides the remedy in sections 2593 and 2594 of the Revised Statutes. As that law is interpreted in the Theus case, the District Attorney must act.

The District Court overruled the exception of no cause of action and ordered the District Attorney to file the suit. That ruling is correct and the judgment appealed from is accordingly affirmed.