No. 3434

Second Circuit

ODOM v. HODGE-HUNT LUMBER CO., INCORPORATED

(December 19, 1928. Opinion and Decree.)

H. W. Ayres, of Ruston, attorney for plaintiff, appellee.

Barksdale, Warren & McBride, of Ruston, attorneys for defendant, appellant.

ODOM, J. George A. Odom, plaintiff, is Superintendent of Public Schools for the Parish of Jackson, and, for his services as such officer, he is paid a salary by the School Board of two hundred ninety-one & 66/100 ($291.66) dollars per month, payable semi-monthly.

The Hodge-Hunt Lumber Company, Incorporated, defendant, obtained judgment against the said Odom on November 18, 1927, in the sum of $115.62, and, on April 27, 1928, said judgment not having been paid, it procured the issuance of a writ of fieri facias and caused to be seized, through garnishment procedure, the sum of $145.83, in the hands of the Jackson Parish School Board, said amount being due plaintiff, Odom, as salary for the last half of April, 1928.

Following the seizure of said amount in the hands of the School Board, the plaintiff, Odom, ruled the Sheriff and the judgment creditor to show cause why the amount seized in the hands of the School Board should not be released on the ground that he was a public officer, and the amount seized was due him as salary, and, as such, was exempt from seizure for his ordinary debts. His suit by rule was accompanied by an application and prayer for an injunction prohibiting the Sheriff and the judgment creditor from proceeding further with the seizure, and prohibiting the School Board from paying over said amount to the seizing creditor.

The trial of the rule resulted in a judgment in favor of the plaintiff, decreeing that the amount seized in the hands of the School Board was exempt from seizure for the ordinary debts of plaintiff in rule, and perpetuating the injunction. From this judgment, the defendant in rule, the judgment creditor has appealed.

OPINION.

The judgment appealed from is correct. A Parish Superintendent of Public Schools is a public officer. State ex rel. Smith vs. Theus, 114 La. Rep. 1097, 38 So. 870.

The salary of a public officer is exempt from seizure for his ordinary debts. Fischer vs. Dubroca, 163 La. Rep. 292, 111 So. 710.

Counsel for the judgment creditor in oral argument before the court and in an exhaustive brief filed, contend that the salary of a public officer is not exempt from seizure and they would have us so hold, even though the contrary was held in the Fischer vs. Dubroca case, supra, for they say that case is not stare decisis. But we follow the Fischer vs. Dubroca case, and hold that plaintiff's salary is exempt.

Under our view, there is but one issue raised in the case and that is the one we have decided. But counsel for the judgment creditor object to the form of the procedure, contending that plaintiff should not have proceeded by separate suit, but should have come into court by way of intervention or third opposition. We are not impressed with this contention. Plaintiff's action in this case is by way of rule on the seizing creditor and the Sheriff to show cause why the amount seized in the hands of the School Board should not be released because exempt from seizure, and

we see no reason why the suit should not bear a different number from the original suit by the judgment creditor against the judgment debtor. Besides, if it be said that the action of the judgment creditor making the School Board a party garnishee, is a suit between it and the School Board, and that plaintiff is a third person to that suit, as contemplated by Articles 389 and 395 of the Code of Practice, plaintiff's proceeding by rule to show cause why the funds in the hands of the Board should not be released because exempt under the law is, substantially, a third opposition. State ex rel. Bagur vs. Judge, 24 La. Ann. 599.

Again, counsel for the judgment creditor contend that plaintiff in rule should not have coupled with the rule a prayer for an injunction, their main contention being that a hearing on the case under the pleadings prevented a decision on the main point at issue, which is, whether plaintiff's salary is exempt from seizure. The contention is not well founded because, as a matter of fact, the sole issue presented by the pleadings is whether as a matter of law plaintiff's salary, as a public officer, is exempt from seizure for his ordinary debts, and that precise point was decided by the court below and decided by us. So that, if counsel for the judgment creditor desire to have that question again submitted to the Supreme Court in the belief, or at least the hope, that the court on further consideration may reverse its holding in the Fischer vs. Dubroca case, the way to get the case before the court is open, because, if we are in error in our holding that plaintiff's salary is exempt from seizure, the court will order the case up on application for a writ.

Finding no error in the judgment appealed from, the same is accordingly affirmed, with costs in both courts.