No. 3511.—STATE OF LOUISIANA ex rel. J. H. RILLS *v.* BARTHOLOMEW L. LYNCH—C. O. LAUVE, Intervenor.

The act No. 120 of 1868, which confers the power on the police juries of the different parishes to appoint a district attorney *pro tempore* within thirty days, does not prohibit them from making the appointment after the thirty days have expired. An appointment of a district attorney *pro tempore* by the police jury after the expiration of thirty days is valid, provided the power of making such appointment, conferred upon the parish judge in the act, has not been exercised before it is made.

In case the police jury has made the appointment after the expiration of thirty days, but before the appointment by the parish judge, then the appointee has an indefeasible right to the office, and the person appointed afterward by the parish judge is an intruder into the office.

A district attorney who fails or refuses to bring a suit to test the right to an office under the intrusion act, may be compelled by mandamus to bring such suit. 21 An. 655

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey*, J.   *Mark A. Estevan*, District Attorney, and *Barrow & Pope*, for relators.  *B. L. Lynch*, defendant, in proper person.

LUDELING, C. J.   This is a suit under the intrusion act to oust the defendant, B. L. Lynch, from the office of district attorney *pro tempore* for the parish of Iberville.

A great many legal questions have been discussed by counsel which we do not feel called upon to decide in this cause. The evidence shows that the relator, J. H. Rills, was appointed district attorney *pro tempore* for the parish of Iberville by the police jury of said parish on the first Monday of January, 1869; that said Rills qualified and entered upon the discharge of the duties of the office, and he continued to exercise the functions of said office until the eighth of June, 1870, when the defendant usurped the said office, under the pretense of an appointment made by the parish judge and approved by the police jury.

It is contended that the police jury which appointed Rills had not the right to make the appointment at the time it was made, because

act No. 120 of the General Assembly of 1868, which conferred the right to make such appointments on the police juries, limits the period within which they shall make the appointments to thirty days after the promulgation of the act. The language of the statute is, "that within thirty days after the date of the promulgation of this act there shall be appointed a district attorney *pro tempore* in each parish of the State, except the parish of Orleans, by the police jury of the parish, and in the event of failure of the police jury to make such appointment within the time aforesaid, the parish judge of the parish shall make such appointment."

The statute does not prohibit the police juries from making the appointments after the thirty days, but in that event the statute confers the same power on the parish judges. The purpose of the law was to guard against the possibility of a vacancy in the office, and after the expiration of the thirty days either the police jury or the parish judge could have appointed a district attorney *pro tempore*, and the party which first exercised the power exhausted it. 3 An. 195, Wilson *v.* State Bank; 14 An. 207, Barrow *v.* Rabichau; Cooley's Constitutional Limitations, 77 *et seq.*

The appointment of J. H. Rills by the police jury on the fifth January, 1869, is valid. The subsequent police jury had not the power to remove him, 21 An., Downs *v.* Towne, 490, and the appointment by the judge was made in error.

The defendant objects that this suit has not been brought by the district attorney, inasmuch as he refused to bring the suit until he was compelled by a writ of mandamus issued by the district judge against him; that having acted under duress the act of bringing this suit can not be said to be his act.

A sufficient answer to this is, that no appeal has been taken from the judgment making the mandamus peremptory, and it is *res judicata;* and that this suit is, in fact, brought by the district attorney. But this court decided in Hays *v.* Thompson that a district attorney could be made to bring such a suit by a writ of mandamus. 21 An. 655.

It was further decided in that case that no suit could be brought by a private individual under the intrusion act, but that such suits must be instituted by the Attorney General or district attorneys. It follows, therefore, that the intervention of C. O. Lauve was unauthorized by law.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment in favor of J. H. Rills, recognizing him as district attorney *pro tempore* for the parish of Iberville, the defendant and intervenor paying costs of both courts.