### No. 765.

STATE ex rel. R. J. HUNTER, District Attorney pro tem., v. O. K. HAWLEY, Public Administrator.

No proceeding can be had, under the intrusion act, to remove the defendant from the office of public administrator, on the ground that said office has ceased to exist by virtue of the repeal of the law creating it. The case presented by the relator does not fall within the provisions of the Statute.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *R. J. Hunter*, District Attorney pro tem., for the State, appellant. *R. J. Bowman*, for defendant and appellee.

WYLY, J. This is a proceeding under the intrusion act, to remove the defendant from the office of public administrator on the ground that said office has ceased to exist by virtue of the repeal of the law creating it. It is admitted that the defendant was regularly appointed to the office, and that his appointment was confirmed by the Senate; and

it is not pretended that any one else is entitled to the office. The sole·
ground for the proceeding is the office has ceased to exist. How any
one can intrude into an office that does not exist it is difficult to imagine.

Although the defendant has not made the point, we feel bound to·
notice that the intrusion act furnishes no remedy for a case like this.
A proceeding may be instituted under this act only in the following
cases, viz:

*First*—"When any person shall usurp, intrude into or unlawfully
hold or exercise any public office or franchise within this State; or,.

*Second*—When any public officer shall have done, or suffered to be
done, an act which by the provisions of law shall work a forfeiture of
his office; or,

*Third*—When any association or number of persons shall act within·
this State as a corporation without being duly incorporated."

The case presented by the relator does not fall within the provisions
of the statute, and it should be dismissed. The judgment in favor of
the defendant must be amended.

It is therefore ordered that the judgment for the defendant be
amended to read as follows, viz: let there be judgment for the defendant,
dismissing the suit with costs of both courts.