(118 So. 42)

No. 29250.

**THOMAS et al. v. FULLER, Dist. Atty.**

**In re FULLER, Dist. Atty.**

July 2, 1928.

Harry Fuller, Dist. Atty., Eighth Judicial Dist., of Winnfield, Thornton, Gist & Richey, of Alexandria, and Henagan & Gaharan, of Jena, for applicant.

C. W. Flowers, of Jena, S. R. Holstein, of Winnsboro, and John L. Pitts, Jr., and Hawthorn & Stafford, all of Alexandria, for respondents.

OVERTON, J. The parish of La Salle contains a population of fewer than 50,000 inhabitants. In reference to such parishes, section 1 of Act 279 of 1908 reads as follows:

"In each parish of this state (parish of Orleans excepted) having a population of less than fifty thousand inhabitants, there shall be elected in the manner provided by law in addition to the police juror to which said ward is entitled, an additional police juror for each five thousand inhabitants which said ward contains; also, one additional police juror for each additional five thousand inhabitants or part thereof in excess of twenty-five hundred inhabitants; said police jurors shall be residents of the ward from which they are elected and shall be elected by the voters of said ward."

Section 17 of Act 100 of 1922, in part, reads as follows:

"There shall be elected by the qualified voters of each police jury ward of the several parishes of the state a member of the school board of such parish for each police juror in said ward, whose term of office shall be for a period of six (6) years."

When the census was taken in 1920 by the United States government, it appeared that ward 3 of the parish of La Salle had a population considerably below 5,000, but in the years that had intervened, the police jury, apparently thinking that it was not unlikely that the population of the ward had increased sufficiently to entitle it, under the act of 1908, to an additional police juror, passed an ordinance directing that a census be taken of the ward. The census was taken, and the police jury, finding from it that the ward contained a population exceeding 5,000, certified its finding to the Governor. The Governor, after receiving the certificate, appointed J. E. Turnley a member of the police jury from ward 3, and to make the number of school board members from that ward correspond with the number of police jurors from it, he appointed S. A. Doughty a member of the school board from that ward. Both Turnley and Doughty were residents of the ward. Both were commissioned by the Governor,

and took the oath required by law, and began the discharge of their duties as members of the respective boards to which they were appointed.

After Turnley and Doughty had begun the discharge of their duties, a number of the residents of the parish, some 35 of whom were from ward 3, petitioned the district attorney to remove Turnley and Doughty under the intrusion into office act. The grounds urged by these petitioners for removal in their application to the district attorney are substantially that the police jury was without authority to take a census of ward 3 as a basis for the creation of an additional police juror and member of the school board from that ward; that, if the police jury had such authority, the forms of law were not complied with in taking the census, and in acting thereon; but, if they were, then that the census taken was erroneous, for, as a matter of fact, it is alleged, as would be shown by a correct census, the ward contains, and did contain, less than 5,000 inhabitants. The petition to the district attorney closes with the following:

"That for the foregoing reasons, and for any other reason that may seem proper to you to assign, we are desirous of having the right of said Turnley and the said Doughty to hold, and exercise the duties of, the offices above indicated, to which they have been appointed by the Governor of Louisiana, tested in the courts of this state, and that in instituting said suit, or suits, we are desirous that you use and employ such language as may, in your judgment, seem proper to cover every point necessary to fully test the rights of said Turnley and the said Doughty to hold said offices, and that you reserve the right to prosecute said Turnley and said Doughty for damages in the event they shall be adjudged guilty of usurping, intruding into, or unlawfully holding or exercising said offices."

The district attorney refused to bring the suit or suits requested by the petitioners. Upon his refusal three of the petitioners residing in ward 3 brought the present suit, praying for a writ of mandamus to force the district attorney to institute legal proceedings to remove Turnley and Doughty.

The provisions of law relating to the usurpation, intrusion into, and unlawful holding of office are contained in sections 2593 to 2605, inclusive, of the Revised Statutes. Section 2594 of these statutes makes it the duty of the district attorney, and, in the parish of Orleans, of the Attorney General, to bring suit against one usurping, intruding into, or unlawfully holding an office, when required to do so. The right to require the district attorney or the Attorney General to bring the suit may be enforced by mandamus. Hayes v. Thompson, 21 La. Ann. 655; State ex rel. Rills v. Lynch, 23 La. Ann. 786; Berhil v. Fisk, 24 La. Ann. 149; State ex rel. Lannes v. Attorney General, 30 La. Ann. 954. But defendant urges that it does not appear from the petition in this suit, or from the demand made upon him, that any one of those petitioning for the removal of Turnley and Doughty has the right to require him to bring a suit for their removal, or that there is occasion for such a suit. A suit under the intrusion act may be brought where there is no one claiming the office, except the one holding it. State v. Grandjean, 51 La. Ann. 1099, 25 So. 940; State ex rel. Smith et al. v. Theus, 114 La. 1097, 38 So. 870. Any one having an interest to do so may petition the district attorney to bring a suit under the act. In State ex rel. Smith et al. v. Theus, cited supra, 114 La. 1097, 1104, 38 So. 870, 873, where an effort was being made to remove a parish superintendent of schools from office under that act, it was said with reference to the right to require the bringing of such a suit that:

"Whether the present occupant is, as a fact, holding the position unlawfully, is not an issue before us. What we are asked to decide is whether citizens and taxpayers, who united in their demand upon the district attorney to have that question tested through a suit instituted by him, have the legal right to make such a demand, and whether the district attorney was

justified in refusing to comply with their request. We think they had such right, and that the district attorney should have complied with it."

█ █ In the case at bar it appears that those petitioning for relief are residents, or, to use their own expression, citizens, of the parish, some 35 of whom reside in the ward from which the appointments were made. It does not appear from their petition, or otherwise, that they are taxpayers; but the law does not require that they be taxpayers. True, in the Theus Case, as appears from the foregoing excerpt from it, the petitioners were taxpayers, but that they were was merely an accidental feature of that case. It was not intended by mentioning that feature, or stating it, to hold that it must appear that the petitioners are taxpayers. Our conclusion is that it is sufficient that they be residents of the parish or ward for which the appointment was made. As such they have a sufficient interest in the orderly administration of government in their locality to require the bringing of a suit under the intrusion act.

█ Perhaps a more serious question is presented by the contention of defendant that relators are seeking to force him to institute proceedings to remove two persons from office, under the intrusion act, when relators contend, in effect, that the removal should be made, because no such offices exist as the particular ones to which Turnley and Doughty were appointed, and when the act contemplates that, to invoke its provisions, there must be an office to be usurped, intruded into, or unlawfully held, and that, unless there is, a district attorney or the Attorney General cannot be required to act.

The position of defendant would have considerable force, if the nature of the supposed office was such that the occupant thereof acted alone in discharging its supposed duties. Then it might be said there would be nothing to remove him from. It might then

be said that his acts would have no effect, and there would be no reason to invoke the intrusion act. Effect was given to such a contention as that here presented by defendant, in State ex rel. Hunter v. Hawley, 25 La. Ann. 487, where it was contended that a public administrator should be removed from office under the intrusion act, because the office of public administrator had been abolished. But here the occupant of neither of the supposed offices acts alone; both act, and may act only, as members of the respective boards to which they were appointed. Each of those boards, through a majority of a quorum, acts as a unit. Therefore each occupant acts as part of a governing authority to which he was appointed, which, when it acts, acts, it may be said, as a unit. Each sits on the board to which he was appointed, under a commission of the Governor, issued, to say the least, under color of law. In these circumstances there should be some way to reach an illegal situation, which is said to exist. In our view, that way is under the intrusion act.

█ But defendant urges that he should not be required to institute the suits, because the petitions addressed to him do not set forth the necessary ultimate facts to warrant the ousting of Turnley and Doughty from said boards. In answer to this it may be said that it is obvious that those petitioning defendant to bring the suits think that the petition does set forth sufficient ground for action, and since they have the right to require the bringing of the suits, it is the duty of defendant to present, in proper form, their cause of action to the courts, and let the courts decide contradictorily with the incumbents of the alleged offices whether there is sufficient ground for ousting them. The question is one that a district attorney has no right to raise. His duty is to act, and let the courts decide contradictorily with the incumbents whether there is sufficient cause shown for removal.

Defendant also urges that he should not be required to bring the suits, because the police jury had the right to have the census taken, and, in effect, that the Governor had the right, so far as appears, to make the appointments. These are questions that may properly be determined only in the ouster suits when brought. The only question that may be considered in this suit is whether defendant should be required to bring those suits, and we hold that he should. See State ex rel. Smith et al. v. Theus, 114 La. 1097, 38 So. 870.

The district court rendered judgment overruling an exception of no cause of action filed, and, on the merits, making an alternative writ of mandamus that issued peremptory, ordering defendant to institute the suits. The Court of Appeal affirmed this judgment. The judgments are correct.

For the reasons assigned, the judgment of the Court of Appeal under review is affirmed.