On May 20, 1941, the Governor of this State, acting on an interpretation by the Attorney General's office of Act 12 of the Extra Session of 1940 relative to the election of additional police jurors in those wards of parishes showing an increase in population to a certain extent, appointed four additional police jurors for the Parish of East Baton Rouge, namely: Millard W. Dixon, Ward 1, Edgar B. Allen, Ward 3, Scott A. Kleinpeter, Ward 6, and Gordon C. Ogden, Ward 9. Commissions were issued to these appointees and they qualified by taking the oath of office and began the discharge of their duties as members of the police jury of said parish.
In June, 1941, a suit was filed in the District Court of East Baton Rouge Parish against the District Attorney by several citizens, taxpayers and qualified voters of the parish seeking to have a mandamus issue against said District Attorney commanding him to institute intrusion into office suits against the above-named appointed police jurors to have them ousted from office on the ground that the Governor had no authority to appoint them and, consequently, they were illegally usurping, holding and exercising the functions of said offices. A judgment was rendered in that suit by Judge Holcombe, in which a mandamus was issued, commanding the District Attorney to institute ouster proceedings against said appointees.
In compliance with that judgment, the District Attorney filed separate suits against all four of said appointees and made parties plaintiff the citizens, taxpayers and qualified voters at whose instance and request the ouster proceedings were brought. These four suits were consolidated *West Page 593 
in the lower court for the purpose of trial, but separate judgments were rendered and separate appeals taken in each case. The cases involve only questions of law, and what is said in this opinion will apply to all cases as the issues and pleadings in all four cases are practically the same, except as to the case against Ogden where an additional ground is urged as to the illegality of his appointment which will be mentioned hereafter. The trial court rendered judgment in favor of relators declaring the appointment of these four additional jurors unauthorized and decreed that they were illegally usurping, intruding into and holding said offices. From this judgment ousting them, they have appealed.
The legality of the appointment of these four additional police jurors is attacked on the ground that the Governor had no authority to make the appointment. The first two sections of Act 12 of the Extra Session of 1940 read as follows:
"Section 1. Be it enacted by the Legislature of Louisiana, That at the general State election to be held in April, 1940, and at each general State election thereafter, there shall be elected as many police jurors for each ward of each parish in this State, by the qualified voters of said wards, as provided by law, the Parish of Orleans excepted.
"Section 2. For each parish ward, there shall be elected, in the manner provided by law, in addition to the police juror to which the ward is entitled, one additional police juror for each ten thousand (10,000) inhabitants which the said ward contains, said apportionment to be based upon the last preceding United States census; also one additional police juror for each additional ten thousand (10,000) inhabitants, or part thereof in excess of seven thousand five hundred (7,500), to be selected from the resident voters of the ward. Provided that this section shall not apply to parishes having a population of less than 50,000 inhabitants."
It is admitted that the Parish of East Baton Rouge has a population of more than 50,000 inhabitants; that the United States census released in January, 1941, showed that the first ward of said parish has a population of 19,022, the third ward 21,971, the sixth ward 12,708 and the ninth ward 7,573. At the time the census figures were released, all positions in the police jury for these four wards had been regularly filled at the preceding general election in April, 1940, or appointments duly made to take the place of those who had been elected at that election and subsequently resigned. It is also conceded that as to Wards 1, 3 and 6, each of these wards has a sufficient population as shown by the census released in January, 1941, to entitle it to another police juror if the Governor had the right to make the appointment. As to the additional police juror for Ward 9 to which Gordon C. Ogden was appointed, it is contended by relators, in addition to the grounds of attack leveled against the other three appointees, that as this ward has a population of less than 10,000, as shown by said census, it is not entitled to an additional police juror under the above-mentioned act.
It is the contention of relators that, as the above-quoted act provides for the election of the additional police jurors by the voters of the respective wards at the general election in 1940, and each general state election thereafter, no vacancy or vacancies existed in these offices, as no election could be held to fill same until 1944; that as these additional offices will not come into existence until the next general election, there is no vacancy therein and consequently the Governor had no authority to fill the offices by appointment.
It is the contention of defendants that the release of the census in January, 1941, had the effect of bringing into existence these additional offices for these four wards, and consequently as no one had been elected or could be elected to the same until the general election in 1944, there existed a vacancy which the Governor was authorized to fill under the provisions of Act 236 of 1916.
Certain exceptions were filed by defendants in each suit, but it is only necessary to mention two of these. One exception is grounded on the failure of relators to set forth the name of the person rightfully entitled to the office from which they seek to oust defendants. The other exception is one of no cause or right of action which involves the same question of law presented on the merits, and it is unnecessary to discuss this exception separately from the merits. Before taking up the legal question presented by the exception of no cause of action as well as that presented by the merits, we will discuss the first exception above mentioned.
In the former suit against the District Attorney for a mandamus, the question was raised by him that the citizens and *West Page 594 
taxpayers who requested him to bring the ouster proceeding were required to give the name of the person rightfully entitled to the office, which could not be done in this case as no one claimed a right to these offices, but on the contrary, claimed that no such offices existed. This contention was made in that suit by reason of Section 2597 of the Revised Statutes, as amended by Act 102 of 1928, which section, as amended, provides that when the district attorney brings an action against a person for usurping or intruding into a public office, he must set forth in the complaint the name of the person rightfully entitled to the office with a statement of his right thereto. Judge Holcombe, in the former suit, overruled that contention and held that where there was no other person claiming the office other than the person against whom the proceedings are brought, it would be impossible to name any other claimant, and his interpretation of this section, as amended, was to make it mandatory on the District Attorney to name the person rightfully entitled to the office where there was another claimant to the office; that the purpose of this requirement is to declare the occupant of the office an intruder and not to establish title to the office in some one else. We agree with this interpretation of this section as amended.
The exception filed by defendants in the present suits merely reurges the same points involved in the previous suit. The Revised Statutes, Sections 2593 and 2594, previous to the amendment by the Act of 1928, gave the district attorney the right, and made it his duty, when required so to do, to bring a suit against a party usurping, intruding into or unlawfully holding and exercising the functions of a public office. Section 2597 of Revised Statutes, before the amending Act of 1928, provided that when bringing such a suit, the district attorney, in addition to the statement of the cause of action, might also set forth the name of the person rightfully entitled to the office, with the statement of his right thereto. Act 102 of 1928 amended Sections 2593 and 2594 so as to permit a person demanding possession of a public office to bring an ouster proceeding against a person claiming or exercising the functions of the office in the name of the state, and it was further provided in the act which amended Section 2597 so as to require the district attorney to name the person rightfully entitled to the office, obviously for the purpose of showing that the person who occupied the office had no right to hold it. As Sections 2593 and 2594 gave the party claiming the office the right to bring an ouster suit against the usurper, it was evidently thought necessary to require the district attorney to name the rightful claimant in order that he, in the same suit, might be put in possession of the office if he was entitled to it and the usurper or intruder was ousted therefrom. Obviously, if there was no one claiming the office, or if no one could occupy such office, there would be no occasion for naming a person entitled to the office as, indeed, no one could claim it.
In our opinion, the Act of 1928 did not affect or change the right and duty of the district attorney to bring an ouster proceeding against a person attempting to hold and exercise the functions of a public office where no such office existed, or where no one could hold and exercise the functions of such an office. As was said in the case of Thomas et al. v. Fuller, Dist. Atty., 166 La. 847, 118 So. 42, a suit may be brought against one usurping, intruding into, or unlawfully holding office, where there is no one claiming the office, except the one holding it. While relators contend that the defendants are usurping and unlawfully exercising the offices of police jurors, they claim that no such office has come into existence and for that reason the exercise by them of the powers and functions as members of a public body acting in the aggregate affects the official action of the body as a whole, and according to the holding in the cited case, it is the right and duty of the district attorney to question their right to hold and exercise these functions. While this case was decided prior to the passage of the Act of 1928, we do not think this act has changed the principles announced in that case on this point.
In any event, and if it be conceded, that it was necessary to name the persons entitled to hold the office or offices of police juror in East Baton Rouge Parish, relators have complied with this requirement by setting forth in their petition the names of those who they claim are entitled to hold and exercise the office of police jurors in said parish; that no persons other than those named in their petition holding said offices before the appointments were made, are entitled to hold and exercise the functions of said offices. Therefore, we conclude that the exception was properly overruled. *West Page 595 
Coming now to the principal legal question in the case, that is, the authority of the Governor to make these appointments, it is important to consider when the office of additional police juror in the ward of a parish entitled to such additional police juror under Section 2 of the quoted act, comes into existence. If the office comes into existence, or is created, when the census is released showing the necessary increase in population to justify the additional police juror, it is conceded by relators that a vacancy in the office would exist from that moment, as they recognize the general rule that a newly created office becomes ipso facto vacant when it is created and remains vacant until it is filled by an incumbent.
Section 1 of said act provides for the election by the qualified voters of each ward of each parish in the State the number of police jurors to which that ward is entitled by law, such police jurors to be elected at the general State election to be held in April, 1940, and at each general State election thereafter. Section 2 of the act further provides for the election of an additional juror, at the same time and in the same manner as the police jurors to which the ward is entitled under the law are to be elected under Section 1, for each 10,000 inhabitants which each ward contains, based upon the last preceding United States census. The act was passed prior to the general election in April, 1940, and at that election the voters of each ward in East Baton Rouge Parish elected the number of police jurors in their ward to which they were entitled under the law. When the census of 1940 was released in the following January, its only effect was to serve as a basis for a new apportionment of the number of police jurors that the voters in each ward would be entitled to elect at the next general State election.
The act by which the additional offices were to come into existence provided specifically that the incumbents who were to fill them were to be elected at the general State election following the determination of the population of the ward as shown by the last United States census preceding the election, which census was to serve as a basis to determine whether or not the voters would be entitled to elect additional police jurors in their ward at that election. The act does not provide for the creation of the office by the release of the census, but provides for its creation when the voters fill it in the general election held after the official United States census shows that they have a right to elect an additional member of the police jury from their ward at the same time they elect those to which the law already entitles them.
The general rule is that, where no time is fixed for the beginning of the term of an elective office, it begins at the time the office is filled by an election, and if the office is an appointive one, the term begins when the appointment is made. So, where an election is necessary, the term does not begin until after that election is held. 46 C.J. pages 965, 966; 22 R.C.L. p. 550, Sec. 251; State v. Rogge, 80 Mont. 1, 257 P. 1029; State v. Halladay, 52 S.D. 497, 219 N.W. 125 et seq.; People v. Hamrock,74 Colo. 411, 222 P. 391.
Since the act specifically requires an election to fill the office of additional police juror and makes no provision for an appointment to fill the office until the general election is held, we conclude that no such office can come into existence until an election is held to fill it, and there can be no vacancy in an office that has not come into existence. Conceding, therefore, that the Governor has authority to fill a vacancy in a newly created office where no incumbent is provided for the office, there was no vacancy in any of these offices at the time the appointments were made as no such offices existed.
While the writer of this opinion believes that the above reasons justify an affirmance of the judgment, yet, in his opinion, there is another reason sounder and more forceful than that given above for holding that the appointments made in these cases were not authorized. It is conceded that the only authority for making the appointments was under Act 236 of 1916 which provides that in case there shall occur a vacancy in certain offices, including that of police juror, whether the vacancy is created by death, resignation, or otherwise, the Governor is authorized to fill by appointment such a vacancy "for the remainder of the unexpired term".
It will thus be seen that the very act under whose authority these appointments were made does not give the Governor the right to fill vacancies generally in the office of police juror, but only for the remainder of an unexpired term. Obviously, there can be no remainder of an unexpired term where there has never been *West Page 596 
an incumbent in the office to leave the remainder of an unexpired term. The courts have frequently held that the power to fill vacancies generally is much broader than that authorizing the filling of vacancies for an "unexpired" term, or for the "remainder of the unexpired term".
In the case of State ex rel. Hoyt v. Metcalfe, 80 Ohio St. 244, 88 N.E. 738, the court said that the phrase "unexpired term" is not synonymous with "vacancy". The former is the remainder of a period prescribed by law after a portion of such time has passed. A vacancy exists when there is no person lawfully authorized to assume and exercise at present the duties of the office.
In the case of Gold Bluff Mining Lumber Corp. v. Whitlock,75 Conn. 669, 55 A. 175, the court held that a statute giving the board of directors of a corporation the right to fill vacancies in the board for the unexpired term did not give the board the right to fill a newly created office as director.
The case of People ex rel. Herndon v. Opel, 188 Ill. 194, 58 N.E. 996, strongly supports this view. A statute of Illinois provided that an elective office became vacant by the death, resignation, removal, insanity, failure to take the oath or conviction of the incumbent of a crime. The court held that before there could be a vacancy in such an office, it must first be filled by an incumbent; that a new office, arising from an increase in population of a county, did not become vacant on the official census report showing the necessary increase in population to create the new office.
The case of People ex rel. Snyder v. Hylan, 212 N.Y. 236,106 N.E. 89, Ann. Cas.1915D, 122, cited and largely relied on by the defendants, rather supports the construction here under consideration than that contended for by defendants. While the court did hold that when an office takes effect there is a vacancy in it (which point is conceded to be correct), but, as the court indicated, this is only true where the law creating the office does not import futurity of selection of an incumbent. While the court held in that case that the Governor had a right to fill by appointment the offices of additional county judges where the law creating the offices came into effect before the election at which the offices were to be filled, but there was a statute of New York providing that where a new office or an additional incumbent of an existing office is created, such office shall, for the purposes of an appointment or election, be deemed vacant from the date of its creation until it shall be filled by election or appointment. It will be seen that the Legislature of New York thought it necessary to declare by special legislation that a vacancy would exist in a newly created office for the purpose of appointment or election until the new office was regularly filled by an incumbent. This State has no such law.
This interpretation of the Act of 1916 would seem to be supported by other acts of the Legislature relative to police juries. From an early date the law with reference to filling vacancies in office generally has been different from the law with reference to filling vacancies in the office of police juror. The Revised Statutes of 1870, Section 2606 (based on Act 27 of 1868) provided for filling vacancies in state and parish offices by appointment of the Governor, however, Section 2737 of the Revised Statutes provided for filling vacancies in the office of police juror by a special election to be called and held as provided for in this section. Up to 1870, there was no provision made for filling vacancies in the office of police juror by appointment of the Governor, nor was there any law providing for an increase in the number of police jurors in a ward of a parish by reason of the increase in population in that ward.
But by Act 97 of 1871 the Governor was authorized to appoint five police jurors in each parish of the State (except the parishes of Orleans and Jefferson) who were to serve until the election in November, 1872, at which time and every two years thereafter, five police jurors were to be elected in each parish. Section 4 of said act provided that any vacancy occurring in the police jury from death, removal, resignation or other lawful cause, should be filled as vacancies in such positions are now filled, meaning of course by special election as provided for in Revised Statutes, Section 2737, above mentioned. The said Act 97 of 1871 was superseded by Act 57 of the Extra Session of 1877 which authorized the Governor to appoint in such country parishes as he may see fit additional police jurors not exceeding five, who, with those police jurors elected at the last general election, should constitute the police jury of the parish until *West Page 597 
the next general election, and Section 4 of the act provided for filling vacancies in the police jury by a special election. It is significant that in both the Acts of 1871 and 1877 the Governor was authorized by these acts to appoint the additional police jurors provided for in the acts who were to serve until the next general election, and both of the acts provided for the filling of a vacancy for the unexpired term by a special election.
Act 161 of 1894 provided for the election at the general State election of 1896, and at each general election thereafter, of the number of police jurors in each ward of the parish as is allowed by law, and this act was amended by Act 196 of 1906 so as to provide for the election of additional police jurors for the wards in a parish shown to have increased in population to a certain extent as shown by the last United States census. This seems to have been the first act authorizing the election of additional police jurors for the wards in a parish shown to have increased in population to a certain extent. No provision was made in that act for the appointment by the Governor of the additional police jurors, but Act 59 of 1906 provides that all vacancies in the office of police juror in any parish caused by death, resignation, removal, or otherwise, or by failure to qualify of a person elected to said office, shall be filled by special election. It will thus be seen that up to 1916 no authority was given the Governor to appoint police jurors for any reason, except the authority given him to make appointments under the special provisions made in the Acts of 1871 and 1877, above referred to.
It may be contended that when the Legislature passed Act 12 of the Extra Session of 1940 it can be assumed that it had in mind the filling of the additional offices of police juror in a ward entitled to an increase by appointment of the Governor under Act 236 of 1916, above referred to. But, as already stated, that act does not authorize the Governor to fill a new office created by the Legislature, or brought into existence by an act of the Legislature, where the act itself creating the office provides that the office is to be filled by an election. The presumption, on the other hand, if any presumption is to be indulged, is that the Legislature intended that any office created by it, or which might come into existence by reason of the Act of 1940, should be filled by an election of the voters of the ward as the act specifies, and that only vacancies arising in an office already filled by election should be filled by the Governor for the remainder of the unexpired term.
The case of Thomas et al. v. Doughty, 163 La. 213,111 So. 681, did not pass on the question raised in this suit. In that case the appointment of an additional school board member was attacked on three grounds: (1) That the census taken by the police jury did not correspond with the Federal census previously taken; (2) that the census was taken in an irregular manner and was erroneous; and (3) that Act 279 of 1908 was unconstitutional. The right of the Governor to make the appointment was not an issue in the case, and the court merely stated, as it had to do under the issues as presented, that the commission of the Governor gave the school board member a prima facie right to hold the office until his right to do so was properly attacked. The court held that the plaintiffs who sought to oust the appointee were without interest to question his right to hold the office and, of course, the appointee had a right to continue in the office until he was ousted in the proper way and by the proper authority.
It is true that the office of the Attorney General for several years past has construed the acts giving wards the right to additional police jurors where they have increased in population to a certain extent, as authorizing the Governor to make appointments to fill these additional offices until the next election. While such interpretations of these acts by the eminent lawyers who occupy and have occupied positions in the legal department of the State must be accorded great weight, especially where these interpretations have been acted upon by the Executive Department, yet the final duty and responsibility for interpreting and construing laws rests upon the courts. In none of the copies of the opinions of the Attorney General's office filed in the record, nor in any of the opinions that we have read from the Reports and Opinions of the Attorney General for the past several years, do we find that the point discussed above was raised or considered.
It is argued that to hold that these additional offices cannot be filled until the election in 1944 would deprive these wards of *West Page 598 
representation on the police jury to which they are entitled until the general election in 1944. However, if the Legislature intended for these additional police jurors to take office before the next general election, it could easily have provided for their appointment. Moreover, there is nothing to prevent the Legislature at its next session from amending the act of 1940 so as to give the Governor the right to appoint the additional police jurors provided by the act until the next election, or by providing that they shall be elected at the Congressional Election in 1942. The courts have nothing to do with the policy of the Legislature in this respect.
For the reasons assigned, it is ordered that the judgment appealed from in the case of State ex rel. Dewey J. Sanchez, Dist. Atty. et al. v. Millard W. Dixon be and the same is hereby affirmed at the cost of appellant in both courts.