EDWARDS, Judge.
On October 10, 1978, the Louisiana Supreme Court remanded this case to us for a reconsideration of the court costs issue in light of their holding in Segura v. Louisiana Architects Selection Board, 362 So.2d 498 (La.1978). Chappelle v. Greater Baton Rouge Airport District, 363 So.2d 909 (La. 1978).
In Segura, supra, the Supreme Court held that Article 12, Section 10(A) of the Constitution of 1974, which declared that the State shall not be immune “from suit and liability in contract or for injury to person or property”, superseded the exemption from payment of costs granted the State by LSA-R.S. 13:4521.
This same issue is presented in the instant case. Chappelle, therefore, is entitled to a judgment for the costs advanced and incurred in the state as well as the federal courts.
We do not view the Supreme Court’s writ as mandating that we change the views *568 expressed in our opinion of March 20, 1978 on the other issues presented and in particular with regard to the issue of damages.
For the above reasons, this matter is remanded to the district court for (1) the purpose of issuing the appropriate injunction directed to the members of the Parish Council of the Parish of East Baton Rouge ordering and directing them to appoint E. C. Chappelle, Jr. to the first available position on the Board of Commissioners of the Greater Baton Rouge Airport District, and (2) for a determination and assessment of the costs advanced by Chappelle in both the state and federal courts.
REVERSED AND REMANDED.