LANDRY, Judge.
This is a mandamus proceeding in which plaintiff (Appellee) seeks to compel defendants, William J. Guste, Jr., Attorney General of the State of Louisiana and Harry Conniek, District Attorney of the Parish of Orleans (Appellants), to file suit pursuant to LSA-R.S. 42:76, et seq. (the Intrusion Into Office Act) to test the right of the Honorable S. Sanford Levy, Judge, Division D of the Civil District Court, Parish of Orleans, to retain said office to which he was duly elected, beyond the allegedly mandatory retirement age of seventy-five years. Also made defendant was the Honorable Edwin W. Edwards, Governor of Louisiana. The trial court issued the requested mandamus directed to defendants Attorney General and District Attorney but dismissed the action as to the Governor. We affirm.
The principal issues presented on appeal are: (1) Whether the bringing of such an (intrusion into office) action is a purely ministerial duty which may be the proper subject of a mandamus action; (2) Is the Parish of East Baton Rouge proper venue for an action against the District Attorney of the Parish of Orleans; and (3) Whether La.Const.1974, Article 5, Section 25, grants exclusive jurisdiction to the Supreme Court, State of Louisiana, in all cases involving removal and qualification of members of the judiciary.
In prior related litigation, Appellee sought a Writ of Quo Warranto from the District Court, Parish of Orleans, directing Judge Levy to show by what authority he was holding public office. The trial court rendered judgment on the merits declaring Judge Levy entitled to hold office until age 80. On appeal, the Court of Appeal, Fourth Circuit, ex proprio motu raised the question of Appellee’s right to bring- the action. Small v. Levy, 355 So.2d 643 (La.App. 4th Cir. 1978), writ denied 361 So.2d 450 (La.1978). Relying on Lelong v. Sutherland, 134 So.2d 627 (La.App. 4th Cir. 1961), a majority held that a litigant, appearing solely as a private citizen and not as a claimant to office, has no right to bring an action pursuant to La.C.C.P. Article 3901 (Quo Warranto) to challenge the right of a judge to hold office. The court noted, however, that an individual citizen not claiming office may mandamus the Attorney General or appropriate District Attorney to compel such officials to bring suit under the Intrusion Into Office Act, LSA-R.S. 42:76, et seq., to determine the right of an official to hold office. This litigation ensued.
VENUE AS TO THE DISTRICT ATTORNEY, PARISH OF ORLEANS
It is contended that since the District Attorney is domiciled and holds office in the Parish of Orleans, the Parish of East Baton Rouge is not proper venue as to an action against him in his official capacity inasmuch as La.C.C.P. Article 42(1) requires that an action against a Louisiana citizen shall be brought in the parish of his domicile.
The District Attorney avers that service of process on him herein was not made until the afternoon of July 27, 1978, the hearing being set the following day, July 28, 1978. He also alleges his understanding that the matter would be continued to afford him opportunity to except to the venue and that at no time has he made a general appearance herein.
La.C.C.P. Article 2592 authorizes the use of summary proceedings for trial of a mandamus action. Article 2594 dispenses with citation and service of process in summary proceedings. Article 2594, however, requires that plaintiff’s pleadings and orders of court assigning the matter for trial, be served on defendant. No minimum delay period between such service and trial is required in summary proceedings as is prescribed in ordinary proceedings. La.C.C.P. Article 1001.
The pleadings filed herein include exceptions of res judicata, no right of action and no cause of action filed July 28, 1978, by counsel for the Attorney General, which pleadings also purport to be on behalf of the District Attorney. It is noteworthy that the District Attorney has not denied the authority of the Attorney General to *667 file such pleadings on his behalf, nor does he maintain that the Attorney General was unauthorized to do so. Under the circumstances, we deem said pleadings to have been filed with the knowledge, consent and approval of the District Attorney and as such they constitute a general appearance on his behalf. Consequently, they constitute a waiver of the District Attorney’s right to object to improper venue herein. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir. 1977).
IS THE OBLIGATION TO BRING SUIT A MINISTERIAL DUTY?
LSA-R.S. 42:76 pertinently provides:
“§ 76. Actions to try right to office; associations acting as corporations
An action shall be brought in the name of the state in any of the following cases:
(1) When any person usurps, intrudes into, or unlawfully holds or exercises or attempts to remain in possession of any public office or franchise within this state.
(2) * * *.
(3) * * *.
This action shall be brought by the attorney general of the state or by the parish district attorney of the parish in which the ease arises against the offender, and the suit shall be filed in the district court of that parish * *
Appellants contend the Fourth Circuit Court of Appeal erred in Small v. Levy, supra, by holding that a citizen who is not a claimant to the public office has no right to invoke our Quo Warranto articles. It suffices to say that the validity of that determination is not before us in the case sub judice. The issue presented here is whether a citizen may mandamus the Attorney General and/or District Attorney to institute action pursuant to LSA-R.S. 42:76(1), above.
This brings us to the question of whether Appellee, as an individual not seeking the office, may mandamus the Attorney General and District Attorney to institute action pursuant to LSA-R.S. 42:76(1), above.
La.C.C.P. Article 3863 provides, in part, as follows:
“A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law
Appellants contend the question of whether Judge Levy is unlawfully holding office beyond the allegedly mandatory retirement age provided by La.Const. 1921, Article VII, Section 8, is a question of legal interpretation which may be the subject of differing constructions or views. It is thus contended that the question of whether an action lies against Judge Levy pursuant to 42:76, above, is a legal issue, determinable in the judgment of the official charged with enforcement of the pertinent statute, and not a ministerial duty or obligation properly the subject of a mandamus proceeding. We concur in the trial court’s rejection of this argument.
It is well settled that, although a statute imposing upon a public official a mandatory duty may require construction or interpretation of the language involved when applied to a particular factual situation, the duty is nevertheless deemed ministerial under the law. Cook v. City of Shreveport, 163 La. 518, 112 So. 402 (1927); State v. Baynard, 15 So.2d 649 (La.App. 1st Cir. 1943); Dupuy v. Jones, 15 So.2d 528 (La.App. 1st Cir. 1943).
In State ex rel. Kilbourne v. Dugas, 180 So.2d 440 (La.App. 1st Cir. 1965), an action by a District Attorney to test defendants’ right to hold office as police jurors, this court stated:
“ * * * As a matter of fact, if the District Attorney has knowledge which would lead him to believe a person is unlawfully holding office it is his duty to bring the action — it is not discretionary with him.”
Later in the opinion, it was observed:
“ . . . And it should be pointed out here that if the District Attorney had not acted in this case as he did, under the authority of the Thomas case [⅛/ra ] the *668 citizens of the Third Ward could have brought a mandamus proceeding to require him or the Attorney General to do so. It would therefore follow that the District Attorney not only had a right to bring [the] suit but an obligation to do so.
In State ex rel Kilbourne v. Dugas, supra, we relied upon Thomas v. Fuller, 166 La. 847, 118 So. 42 (1928), in which case citizens of LaSalle Parish requested the District Attorney to file suit under the Intrusion Into Office Act (then Revised Statutes, 1870, Section 2594) to test the right of a member of the police jury and a school board member to hold their respective offices. Upon refusal of the District Attorney to bring suit, plaintiffs applied for mandamus. In deciding the matter, the Supreme Court held expressly that “[t]he right to require the district attorney or the Attorney General to bring the suit may be enforced by mandamus.” See also State ex rel. Smith v. Theus, 114 La. 1097, 38 So. 870 (1905).
In this instance, both the Attorney General and District Attorney are aware of circumstances which suggest that Judge Levy may be holding office unlawfully. We hold, therefore, that it is the duty of said officials to bring an action to test Judge Levy’s continued right to office, whether or not it appears likely that plaintiffs in such an action will prevail on the merits. In this connection, we note the folio wing, pertinent language in Thomas v. Fuller, supra :
“ . . . since they have the right to require the bringing of the suits, it is the duty of defendant to present, in proper form, their cause of action to the courts, and let the courts decide contradictorily with the incumbents of the alleged offices whether there is sufficient ground for ousting them. The question is one that a district attorney has no right to raise. His duty is to act, and let the courts decide contradictorily with the incumbents whether there is sufficient cause shown for removal.”
DOES THE JUDICIARY COMMISSION HAVE EXCLUSIVE JURISDICTION OVER ALL ACTIONS INVOLVING REMOVAL AND QUALIFICATION OF JUDGES?
Creation of the Judiciary Commission was initially proposed by Act 661 of 1968, a joint resolution proposing an amendment to Section 4 and the repeal of Section 5, Article IX, Louisiana Constitution of 1921. The said amendment was ratified by the electorate substantially as proposed by the legislature, except that certain language in the title of Act 661, above, was not incorporated into the constitutional amendment. The omitted title verbiage reads as follows:
“Proposing an amendment to Article IX of the Constitution of Louisiana by repealing Section 5 thereof and amending Section 4 thereof to abolish the grounds and procedures for removal of justices and judges by suit and to provide in lieu thereof for grounds and procedures for the removal and involuntary retirement of justices and judges by the Supreme Court on recommendation of a Judiciary Commission, and the effects thereof, and to provide for the creation and functions of the Judiciary Commission and provide for a chief executive officer thereof.”
-We note that La.Const.1921, Article IX, Section 4, contains no language indicative of intent to confer on the Judiciary Commission exclusive jurisdiction in the removal of judges for any and all causes. Presently the jurisdiction, powers, and duties of the Judiciary Commission are provided by La. Const.1974, Article 5, Section 25. Again, we find nothing in this Article evidencing an intent to confer exclusive jurisdiction on the Judiciary Commission in all instances involving removal of judges. We note particularly that Subsection (C) of Article 5, Section 25, above, states:
“(C) Powers. On recommendation of the’ judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that *669 brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony. On recommendation of the judiciary commission, the supreme court may disqualify a judge from exercising any judicial function, without loss of salary, during pendency of proceedings in the supreme court. On recommendation of the judiciary commission, the supreme court may retire involuntarily a judge for disability that seriously interferes with the performance of his duties and that is or is likely to become permanent. The supreme court shall make rules implementing this Section and providing for confidentiality and privilege of commission proceedings.”
It appears that the foregoing language vests the Judiciary Commission first with authority to investigate, on behalf of the Supreme Court, alleged misconduct in office by members of the judiciary in the areas enumerated therein, and to make recommendations to the Supreme Court for the removal or discipline of judges found to be in violation of the misconduct proscribed therein. Secondly, Article 5, Section 25, above, authorizes the investigation of judges for alleged disability, and, upon recommendation of the Judiciary Commission, the involuntary retirement of any judge found to have a disability that seriously interferes with the performance of his duties when such disability is or is likely to become permanent. In view of the language of the article in question, we believe its intent is to confer on the Judiciary Commission only the authority therein specifically set forth.
The instant proceeding is not a disciplinary action against Judge Levy. He is not accused of wrongdoing or any misfeasance or malfeasance in office. Neither is it alleged that he is suffering from disability which seriously interferes with the performance of his duties.
We hold, therefore, that the question of whether a judge is qualified to remain in office solely because he is alleged to have attained mandatory retirement age, is a purely legal issue within the jurisdiction and province of the courts. We also hold that in such a matter the Judiciary Commission is without jurisdiction.
In a supplemental brief filed before this court, counsel for the District Attorney contends that La.Const.1974, Article 10, Section 25 prohibits the legislature, without exception, from enacting any law relative to the removal of “judges of the courts of record,” and that consequently the judgment of the lower court should be reversed. We disagree and, for reasons hereinafter shown, find Article 10, Section 25 inapposite to the instant controversy.
La.Const.1974, Article 10, Section 25 provides as follows:
“Section 25. For the causes enumerated in Paragraph (A) of Section 24 of this Article, the legislature shall provide by general law for the removal by suit of any state, district, parochial, ward, or municipal official except the governor, lieutenant governor, and judges of the courts of record.”
A mere reading of Article 10, Section 25, however, discloses that the prohibition against laws providing for removal by suit of members of the judiciary, refers to removal for causes specified in Article 10, Section 24(A). The causes therein enumerated are: “for commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office.”
Jurisdiction for removal of judges guilty of felony, malfeasance, or gross misconduct is vested exclusively in the Supreme Court through the Judiciary Commission. La. Const.1974, Article 5, Section 25(C). Judge Levy’s removal is not sought on the grounds of commission of a felony, malfeasance, or gross misconduct, but rather on the alleged disqualification due to age.
We find nothing in La. Const.1974, Article 10, Section 25 which prohibits the legislature from enacting laws for the removal of judges for alleged lack of legal qualification to hold office.
COURT COSTS
Incidentally, the District Attorney contends the trial court erred in assessing *670 court costs against defendants who are public officials sued in their respective representative capacities. In this regard, reliance is placed on LSA-R.S. 13:4521, which exempts the state and its political subdivisions from payment of costs in any judicial proceeding. In Segura v. Louisiana Architects Selection Board, 362 So.2d 498 (La.1978), the Supreme Court held that Section 10(A), Article 12, La.Const.1974, which provides that the state shall not be immune from liability in contract or for injury to person or property, supersedes the exemption from payment of costs granted pursuant to LSA-R.S. 13:4521. The holding of Segura, supra, applies as well to state agencies, subdivisions and officials. See also Chappelle v. Greater Baton Rouge Airport District, 365 So.2d 567 (La.App. 1st Cir. 1978).
The judgment of the trial court directing the Attorney General and District Attorney of the Parish of Orleans to institute proceedings within 14 days to challenge the right of Judge Levy to continue in office beyond age 75 is affirmed; all costs of this appeal to be paid by defendants-appellants.
AFFIRMED.