Dear District Attorney Naquin:
This office is in receipt of your request for an opinion of the Attorney General in regard to removal of an elected official from office. You indicate it is believed that a Parish Councilman, who qualified and was elected in 1999 to the office he presently holds, does not meet the qualifications of office inasmuch as he was convicted of two counts of felony theft in 1990. He received a first offender pardon, but not a Governor's pardon. You cite cases which deal with the issue of challenging one's qualification to seek office, but point out they do not address the issue of removal from office because of lack of qualification.
Accordingly, you ask whether there are immediate grounds for removal of this public official from office because of a lack of qualification when elected.
Act No. 1492 of 1997 was proposed to prohibit convicted felons from seeking or holding public office within a certain period of time. The amendment to Art. 1, Sec. 10 of the Constitution of Louisiana was ratified by the voters. The amendment was proclaimed as adopted by the governor on October 15, 1998, and became effective on November 5, 1998. In accordance with the amendment persons "shall not be permitted toqualify as a candidate for elective public office or take public office* * * who has been convicted within this state of a felony and who has exhausted all legal remedies * * * and has not afterwards been pardoned either by the governor of this state or by the officer of the state * * * having such authority to pardon in the place where the person was convicted and sentenced." (Emphasis added.)
However, in this constitutional provision there is an exception that a person who has been convicted of a felony who has served his sentence but has not been pardoned for such felony "shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence."
Under the facts we are given that he was convicted of a felony in 1990, fifteen years cannot have passed since the completion of his original sentence, nor did he receive a pardon by the Governor.
In accordance with the provisions of Art. 1, Sec. 10, having been adopted prior to the councilman's election in 1999, and it being less than fifteen years from the completion of his conviction in 1990 so as to allow him to fall within the exception permitting a felon to seek and "to hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence," we find the constitutional article prohibits him from holding such office. Under such circumstances he may be removed from office.
Additionally, we note in the decision of the Court of Appeal in Malonev. Tubbs v. Shyne, 825 So.2d 585 (La.App 2 Cir. 2002) it was pointed out that in the trial court Shyne, who was serving as councilman, had relied upon Atty. Gen. Op. 98-445 wherein the question was whether Shyne, after being elected, was qualified to take office. Citing Civil Code Art 6
which provided substantive laws apply prospectively only, the opinion concluded the amending language of Article I, Section 10 was substantive law and could not be applied retroactively, and could not affect any person who qualified and was duly elected on November 3, 1998. However, the Court of Appeal stated, "* * *(W)e disagree with the attorney general's opinion No. 98-445 as to retroactive application of the amendment." The Court found the amendment was intended to apply to all convicted felons attempting to qualify for public office after the effective date of the amendment. Such an application is prospective, and not retroactive. Therefore, we recall Atty. Gen. Op. 98-445.
We find the Louisiana Constitutional provision, Art. 1, Sec. 10 applicable to the Councilman in question thereby barring him from qualifying and holding office.
Under these circumstances we find Atty. Gen. Op. 96-110 pertinent wherein it was recognized there was a mandatory requirement on the part of a District Attorney to bring a quo warranto proceeding to remove an elected municipal counsel person or alder person on a question of the right to hold office. Reliance was placed upon State ex rel Kilbournev. Dugas, 180 So.2d 440 (La.App. 1 Cir. 1965) wherein the court found if the District Attorney has knowledge which would lead him to believe a person is unlawfully holding office, it is his duty to bring the action inasmuch as it is not discretionary with him.
You question if there are "immediate grounds for removal of this public official from his elected office at this time, or do the citizens have to wait until he qualifies to run for office again pursuant to the Election Code", and we would conclude you may proceed at this time to remove the councilman.
We hope this sufficiently responds to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr