Dear Mr. Kemp:
Our office is in receipt of your request for an Attorney General's opinion on the following question:
 Is there a mandatory requirement on part of a District Attorney to bring a quo warranto procedure/proceeding to remove an elected municipal counsel person or alder person, who moved outside of the municipal corporate limits following her election and induction in office?
The answer is yes. In State, ex.rel. Kilbourne v.Dugas, 180 So.2d 440, 443 (La.App. 1 Cir. 1965), on a question of the right to hold office, the court found that "As a matter of fact, if the District Attorney has knowledge which would lead him to believe a person is unlawfully holding office it is his duty to bring the action — it is not discretionary with him."
LSA-C.C.P. art. 3901 defines quo warranto as "a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers." The purpose of a quo warranto proceeding is to prevent usurpation of office or of powers, and when a court finds that a person is holding or claiming office without authority, a judgment shall forbid him to do so and may declare who is entitled to office or direct an election when necessary. LSA-R.S. 42:76, provides in pertinent part:
 An action shall be brought in the name of the state in any of the following cases:
 (1) When any person usurps, intrudes into, or unlawfully holds or exercises or attempts to remain in possession of any public office or franchise within this state.
 (2) When any public officer has done, or suffered to be done, an act which under the laws of this state constitutes a forfeiture of his office.
* * * *
 This action shall be brought by the attorney general of the state or by the parish district attorney of the parish in which the case arises against the offender, and the suit shall be filed in the district court of that parish.
 The action may also be brought by the governor appearing in proper person or through the attorney general of the state or other counsel he may select. (Emphasis added.)
After reviewing the municipalities in Livingston Parish, all are governed by the Lawrason Act, with the exception of Springfield, which is governed by a special legislative charter. The Lawrason Act provides for the qualifications of aldermen, which include that he be an elector of the municipality, domiciled for at least the immediately preceding year in the municipality, and when elected from a ward that he be a resident of his respective ward. [R.S. 33:385(A)] The Lawrason Act further provides, "A vacancy in the office of alderman shall be filled pursuant to R.S. 18:602." [Emphasis added, R.S. 33:385(B)]
A vacancy is defined in R.S. 18:581 as follows:
As used in this Title:
 (1) A `vacancy' occurs in an elective office . . . when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding.
* * *
The Louisiana Election Code mandates the filling of vacancies in local and municipal offices as follows:
 A. When a vacancy occurs in the office of a member of a parish or municipal governing authority or a combination thereof, a mayor, or any other local or municipal office, . . . and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office. . . .
* * *
 D. If a vacancy is not filled within the time specific in Subsections A, B, or C herein, the governor shall fill the vacancy. [Emphasis added, R.S. 18:602]
The law further provides for a special election when the unexpired term exceeds one year, and provides for this law to apply to all local governmental subdivisions, including those operating under the provisions of a legislative charter, with the exception of those operating under a home rule charter or home rule plan of government. [R.S. 18:602 (E) and (G)]
In sum, there are several provisions of law which require public officials to either make appointments and set special elections, if necessary, to fill vacancies or file special proceedings when a vacancy occurs, i.e. quo warranto proceeding. If in fact the person who was elected to the office of councilman or alderman no longer meets the residence qualifications of the office, and the district attorney's office has knowledge of this fact, it is our opinion that the law requires action.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb
Date Received:
Date Released:
Angie Rogers LaPlace Assistant Attorney General